UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PEGGY TYLER and MICHAEL H. BROWN  ]
    Plaintiffs,   ]
   ]
v.   ]   No. 3:07-1003
   ]   Judge Echols/Brown
JEWEL STEELE, et al.   ]
    Defendants.   ]

To: Honorable Robert L. Echols, District Judge

## REPORT AND RECOMMENDATION

By an order entered October 22, 2007 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P. and the Local Rules of Court."

Presently pending before the Court are Motions to Dismiss (Docket Entry Nos. 7 and 11) from the defendants, Jewel Steele and Charles Traughber, and plaintiff's Pleading in Opposition to the Motions to Dismiss (Docket Entry No. 13).

The undersigned has conducted a careful review of the complaint (Docket Entry No. 1), plaintiffs' amendment to the complaint (Docket Entry Nos. 9 and 10), defendants' Motions to Dismiss and the plaintiffs' Pleading in Opposition to the Motions to Dismiss. For the reasons stated below, the plaintiffs have failed to state a claim upon which relief can be granted. Accordingly, it

1

is respectfully recommended that the defendants' Motions to Dismiss be granted and that this action should be dismissed.

## I. Background

The plaintiffs, proceeding *pro se*, are Peggy Tyler, an inmate at the Tennessee Prison for Women in Nashville, and Michael Brown, a resident of Springfield, Missouri. They bring this action pursuant to 42 U.S.C. § 1983 against Jewel Steele, Warden of the Tennessee Prison for Women, Charles Traughber, Chairman of the Tennessee Board of Probation and Parole, and Dr. N. Obi-Okoye, a physician at the Tennessee Prison for Women, seeking declaratory, injunctive and monetary relief.[1]

The original complaint sets forth three claims for relief. These claims, when liberally construed, include :

1) Tyler has been "denied meaningful access to the courts" because prison officials have failed to respond to her grievances and are attempting to prevent her from fully exhausting administrative remedies,

2) Tyler has been subjected to cruel and unusual punishment due to inadequate medical care and unsanitary conditions of confinement, and

3) both Tyler and Brown have suffered an infringement of their right to freely associate because prison officials refuse to allow Brown to visit Tyler at the prison.

Docket Entry No. 1 at pgs. 17-22.

In their amended complaint, the plaintiffs have identified an additional defendant (Dr. N.

---

[1] Dr. Obi-Okoye was named by the plaintiffs as a defendant in their amended complaints (Docket Entry Nos. 9 and 10). Summons was issued for this defendant on February 11, 2008. *See* Docket Entry No. 12. The doctor has not filed a responsive pleading to the amended complaint and it is not clear whether this defendant has yet even been served with process.

2

Obi-Okoye). They have also added two more claims which include :

> 4) Tyler's right to due process has been denied by the defendant Traughber who allegedly "has ordered his parole examiner to merely rubberstamp 'seriousness of the offense' on parole denials, and
>
> 5) the care provided to Tyler by Dr. Obi-Okoye has been so inadequate as to constitute medical malpractice.

Docket Entry No. 10 at pgs. 23-27.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., is reviewed under the standard that dismissal is appropriate only if it appears that the complaint does not contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007). Accordingly, the complaint must contain enough factual allegations to state a claim for relief that is plausible on its face. Id., at 127 S.Ct. 1974.[2] In reviewing a motion to dismiss, the allegations in the plaintiffs' complaint are liberally construed and taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare allegations of legal conclusions, however, are required to withstand a Rule 12(b)(6) motion, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. *See* Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-437 (6th Cir. 1988).

## III. Discussion of the Claims

In order to establish a claim for § 1983 relief, the plaintiffs must plead and prove that the defendants, while acting under color of state law, deprived them of some right or privilege secured

---

[2] Twombly abrogated the "no set of facts" test set forth in Conley v. Gibson, 78 S.Ct. 99, 102 (1957).

by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981). There does not appear to be any doubt that the defendants were acting under color of state law at the time that the events described in the complaint took place. Therefore, the only question remaining is whether the conduct of these defendants, as put forth by the plaintiffs, implicate the violation of a federally protected right.

**A.) Peggy Tyler's Claims**

**1) Exhaustion**

In their Motion to Dismiss, the defendants argue that Tyler's claims are not yet ripe for adjudication because she has neglected to fully exhaust available administrative remedies prior to the filing of her complaint. Docket Entry No. 7 at pg. 2.

The Prison Litigation Reform Act prohibits prisoners from challenging conditions of their confinement in federal court until they have exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). Consequently, before a district court can adjudicate any conditions of confinement claim set forth in a prisoner's complaint, the court must determine whether the prisoner has complied with the exhaustion requirement. Wyatt v. Leonard, 193 F.3d 876, 879 (6th Cir. 1999).[3]

On the subject of exhaustion, the complaint states simply "Plaintiff Peggy Tyler has peppered TPFW with grievance forms. Supposedly, Defendant Jewel Steele, the Warden, has 'lost' them. Plaintiff Peggy Tyler cannot exhaust 'Administrative Remedies' she does not have." Docket Entry No. 10 at pg. 5.

The regulations of the Tennessee Department of Correction provide a prisoner with three

---

[3] In a recent Supreme Court decision, the exhaustion of administrative remedies was recognized as an affirmative defense rather than as a pleading requirement. Jones v. Bock, 127 S.Ct. 910 (2007).

4

levels of review for a grievance. TDOC Regulation No. 501.01(VI)(C). The first level of review requires the supervisor of the offending staff member to respond to the grievance. If the supervisor's response does not satisfy the prisoner, the second level provides for review of the grievance by the Grievance Committee and Warden. If she remains unsatisfied, the prisoner can petition the Assistant Commissioner of Operations for the Tennessee Department of Correction for redress of her grievance.

In this case, Tyler admits that she has never sought review of her grievances beyond the second level. An inmate cannot simply fail to file a grievance or abandon the grievance process before completion and claim that she has exhausted her administrative remedies. Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999). Thus, Tyler's claims that are grievable, i.e., meaningful access (Claim No. 1), unsanitary conditions of confinement (Claim No. 2)[4], and interference with visitation (Claim No. 3) are not yet ripe for adjudication and should be dismissed without prejudice.

**2) Adequacy of Medical Care**

Tyler is a diabetic with cirrhosis of the liver and lung problems. She also has bone spurs and was bitten by a spider which led to a staph infection. She claims that the defendants, particularly Dr. Obi-Okoye, have denied her adequate medical care for these maladies (Claim Nos. 2 and 5).

A violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment occurs when prison officials or doctors have been deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 97 S.Ct. 285 (1976). An actionable Eighth Amendment claim has two

---

[4] Claim No. 2 also includes a challenge to the adequacy of the medical care provided to Tyler. A denial of medical care is grievable under TDOC regulations. However, when a prisoner has received some medical attention and her challenge is to the adequacy of that care, the grievance process is not an appropriate vehicle. TDOC Regulation No. 501.01(H)(8).

5

components. The first component is an objective one that requires the plaintiff to plead and prove that her medical condition was sufficiently serious. The second component is a subjective element that demands a showing that the defendants had a sufficiently culpable state of mind, i.e., deliberate indifference. Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994). Thus, it is well settled that accidents, mistakes, negligence and medical malpractice do not become constitutional torts merely because the victim is a prisoner. Estelle, supra at 429 U.S. 106.

Assuming arguendo that Tyler's medical condition was sufficiently serious, her claim must still fail unless she can show that the defendants were deliberately indifferent to her medical needs. In this case, the complaint makes no such showing. The plaintiff did receive some degree of attention for her medical complaints. Tyler acknowledges in the complaint that laboratory tests were performed (cultures taken), her spider bite was cleaned and dressed, she was referred to a doctor (Dr. Obi-Okoye) and she was issued a LAN (Limited Activity Notice) for antibiotic soap and medication. In short, this dispute does not arise over an absence of medical care. Rather, it involves Tyler's belief that the care she received was inadequate.

When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law. Consequently, even though the plaintiff believes that her doctor was negligent in her care, this does not implicate a claim actionable under § 1983.

    **3) Denial of Parole**

On March 20, 2007, the plaintiff attended a hearing to determine her suitability for parole. To Tyler's chagrin, she was denied parole because of the seriousness of the offense. Docket Entry

6

No. 1; Exhibit B. Tyler *suspects* that she has "gotten the parole run around" (Claim No. 4). Docket Entry No. 10, pg. 6 at ¶ 15.

Parole decisions bear directly upon the length or duration of a prisoner's incarceration. Thus, a claim arising from the denial of parole is not the proper subject for a § 1983 action. Instead, Tyler's sole remedy for this claim may be obtained through a federal habeas corpus action under 28 U.S.C. § 2254. Preiser v. Rodriguez, 93 S.Ct. 1827 (1973). Consequently, the denial of parole will not support Tyler's claim for § 1983 relief.

**B.) Michael Brown's Visitation Claim**

The plaintiff, Michael Brown, is not a prisoner. Consequently, he has no standing to assert claims challenging the conditions of confinement for his co-plaintiff, Peggy Tyler. Newsom v.Norris, 888 F.2d 371, 380 (6th Cir. 1989). He does, however, join with Tyler in a claim questioning the decision to deny him visitation with her (Claim No. 3).

The First Amendment guarantees an individual the right to freely associate with others. In the prison context, however, this right is not absolute. Jones v. North Carolina Prisoners' Labor Union, Inc., 97 S.Ct. 2532, 2535 (1977). So long as reasonable and effective means of communication remain open and no discrimination in terms of content is involved, prison officials must be accorded great latitude in deciding who may enter the prison for a face-to-face visit with an inmate. Pell v.Procunier, 94 S.Ct. 2800, 2806 (1974)(a prison regulation was upheld which precluded the media from face-to-face interviews with inmates of their choice).

In September, 2007, Brown learned that he would not be allowed to visit with Tyler at the prison. Prison officials declined his application for visitation after finding him to be a security risk. Docket Entry No. 1; Exhibit A. No other reason was given to explain the rejection of his application

to visit.

Many dangerous people populate our prisons. For that reason, institutional security is perhaps the primary legitimate concern for any penal facility. Id., at 94 S.Ct. 2804. Security considerations are sufficiently paramount in the administration of the prison to justify the imposition of some restrictions on the entry of outsiders into the prison for face-to-face contact with inmates. Id., 94 S.Ct. 2806. And local prison officials are best suited to identify potential threats to the security of their facility.

While Brown and Tyler may not be allowed to visit face-to-face, they apparently are free to communicate both by mail and by telephone. Thus, any infringement on their ability to visit with one another does not unduly hinder their First Amendment right of association. Therefore, having failed to set forth factual allegations suggesting a more onerous imposition upon the ability of Brown and Tyler to communicate, this claim does not support an award of § 1983 relief.

### R E C O M M E N D A T I O N

For the reasons stated above, it appears that the defendants' Motion to Dismiss the Complaint as Amended (Docket Entry No. 11) has merit. Accordingly, the undersigned respectfully RECOMMENDS that the Motion to Dismiss be GRANTED and that this action be DISMISSED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified period of time may be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 106 S.Ct. 466 (1985);

United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                                        Respectfully submitted,

                                                        _____

                                                        Joe B. Brown
                                                        United States Magistrate Judge

9